IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-251-FL-1
No. 5:11-CV-434-FL

| | |
|---|---|
| GEORGE JEFFERSON, III, ) | |
| ) | |
| Petitioner, ) | ORDER AND |
| ) | MEMORANDUM AND |
| v. ) | RECOMMENDATION |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on the following motions regarding Petitioner's sentence:

(1) Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Fed. Custody ("Pet'r's Mot.") [DE-50] by Petitioner George Jefferson, III ("Petitioner") filed August 29, 2011;[1]

(2) the government's motion to dismiss Petitioner's motion pursuant to Fed. R. Civ. P. 12(b)(6) ("Gov't's Mot.") [DE-57] filed November 8, 2011;[2]

(3) Petitioner's motion for leave of court to file an out of time amended motion under 28 U.S.C. § 2255 ("Pet'r's Leave Mot.")

---

[1] Petitioner filed a previous 28 U.S.C. § 2255 motion on August 15, 2011. [DE-47]. However, Petitioner failed to sign this motion in compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice and the motion was returned to Petitioner. [DE-48]. Upon notice of deficiency from the court, Petitioner filed the instant corrected motion that the court now takes under consideration. [DE-50].

[2] The government filed a supporting memorandum. Mem. in Supp. of Mot. to Dismiss ("Gov't's Mem.") [DE-58]. Petitioner responded in opposition to the government's motion to dismiss. Mot. in Resp. to Gov't's Mot. ("Pet'r's Resp.") [DE-70].

[DE-68] filed January 17, 2012;[3]

(4) Petitioner's motion to hold in abeyance Petitioner's § 2255 motion ("Pet'r's Stay Mot.") [DE-88]; and

(5) Petitioner's motion for leave to amend his § 2255 motion ("Pet'r's 2d Leave Mot.") [DE-93] filed October 15, 2012.[4]

All briefing is complete and the motions are ripe for adjudication. Petitioner, a federal inmate, proceeds pro se in all matters at present. The dispositive motions [DE-50, 57] have been referred to this court in accordance with 28 U.S.C. § 636(b)(1)(B) and are considered here as a recommendation to the District Court. FED. R. CRIM. P. 59(b)(1). The remaining motions [DE-68, 88 and 93] are considered by this court in accordance with 28 U.S.C. § 636(b)(1)(A). FED. R. CRIM. P. 59(a). For the following reasons, it is recommended that the government's motion to dismiss [DE-57] be allowed and Petitioner's motion for relief under 28 U.S.C. § 2255 [DE-50] be dismissed. Petitioner's remaining motions [DE-68, 88, 93] are hereby denied for the reasons set forth below.

## I. BACKGROUND

On December 1, 2009, pursuant to written waiver of indictment and a written plea agreement, Petitioner entered a plea of guilty to a criminal information charging Petitioner with conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841 and 846. Waiver of Indictment [DE-18]; Mem. of Plea Agreement [DE-19]. The Presentence Investigation Report ("PSR") prepared by the United

---

[3] The government responded in opposition to Petitioner's leave motion. Gov't's Resp. to Def.'s Mot. for Permission to File Amend. Mot. ("Gov't's Resp.") [DE-75].

[4] No response has been filed by the government.

States probation office prior to Petitioner's sentencing hearing indicated Petitioner's advisory guideline imprisonment range was 292 to 365 months based on a total offense level of 35 and criminal history category VI.[5] However, the government moved for a downward departure from the guideline range based on Petitioner's substantial assistance. [DE-31]. The career offender enhancement for which Petitioner was eligible was not included in the calculation of his total offense level.[6] The court sentenced Petitioner on June 9, 2010 to a term of imprisonment of 240 months. J. in Criminal Case [DE-33] at 2. The district court further sentenced Petitioner to five years of supervised release.[7] *Id.*

On December 23, 2010, and January 10, 2011, Petitioner sent handwritten documents to the Clerk of Court for the United States Court of Appeals for the Fourth Circuit. [DE-36, 39]. The Fourth Circuit construed both documents as notices of appeal and instructed this court to appropriately docket both documents in Petitioner's criminal case. [DE-36-1, 39-1]. In his

---

[5] Petitioner received a base offense level of 36, which was increased by 2 levels for possession of a dangerous weapon, resulting in a total offense level of 38 under § 2D1.1 of the advisory United States Sentencing Guidelines ("Guidelines" or "U.S.S.G"). Presentence Investigation Report ("PSR") ¶¶ 43, 44, 48. Three points were subtracted in light of his acceptance of responsibility resulting in a total offense level of 35. *See* PSR ¶¶ 43-51.

[6] According to Petitioner's PSR, Petitioner was convicted in the North Carolina Superior Court of Wilson County of possession with intent to sell and deliver cocaine on July 27, 1992 and of selling cocaine on two occasions, December 6, 1993 and September 23, 1998. *See* PSR ¶¶ 11, 13, 18, 49.
    Under the then-existing Fourth Circuit precedent of *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), Petitioner's prior state court convictions qualified as felony offenses for federal sentencing purposes under the Guidelines. As such, Petitioner was designated a career offender and, thus, *subject to* sentence enhancement under U.S.S.G. § 4B1.1. PSR ¶¶ 43-51. Pursuant to § 4B1.1(b), the corresponding offense level for a career offender with Petitioner's statutory maximum of life imprisonment under 21 U.S.C. § 841(b)(1)(A) is 37. PSR ¶¶ 49, 53.

[7] The statutory provisions applied to Petitioner provide a term of imprisonment not less than 10 years or more than life imprisonment. *See* PSR ¶ 53 (citing 21 U.S.C. § 841(b)(1)(A)).

3

appeal, Petitioner argued the following grounds for relief: (1) that his statutory provisions should have been only 5 years to 40 years imprisonment because the drug weight he was held responsible for was less than 50 grams;[8] (2) that he was improperly enhanced for possession of a firearm; (3) that the confidential informant who provided information attributable to Petitioner was not credible; and (4) he should have been given more credit by the sentencing judge for assisting the government through his testimony in a separate prosecution. [DE-36, 39]. On October 21, 2011, upon motion by the government, the Fourth Circuit dismissed Petitioner's appeal as untimely, issuing its mandate on November 14, 2011. [DE-55, 60].

While his appeal was pending, on August 29, 2011, Petitioner filed the instant pro se motion in this court under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Pet'r's Mot. [DE-50]. On November 8, 2011, the government filed a motion to dismiss Petitioner's motion pursuant to Fed. R. Civ. P. 12(b)(6), Gov't's Mot. [DE-57], to which Petitioner responded. Pet'r's Resp. [DE-70].

On January 17, 2012, Petitioner filed a two-page motion for permission to file an out-of-time amended § 2255 motion raising the applicability of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). Pet'r's Leave Mot. [DE-68]. In particular, Petitioner "believes that one or more of his prior convictions utilized to designate him as a career criminal are no longer qualifying predicates under U.S.S.G. § 4B1.1 based on the Fourth Circuit's en banc decision rendered in *Simmons*." *Id.* at 1. On July 23, 2012, Petitioner filed a motion to hold in abeyance a ruling on Petitioner's § 2255 motion pending a decision by the Fourth Circuit in then-pending *United*

---

[8] Petitioner contends that as to his charged drug offense, he was only responsible for 41.60 grams of cocaine. [DE-36] at 1.

4

*States v. Powell*, 691 F.3d 554 (4th Cir. 2012). Pet'r's Stay Mot. [DE-88]. On October 15, 2012, Petitioner filed a second motion for leave to amend his §2255 motion to argue the sentencing court lacked subject-matter jurisdiction. Pet'r's 2d Leave Mot. [DE-93].

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences,

5

unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

**B.     28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549, at *5, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

6

## III. DISCUSSION

### A. Motions for Leave to Amend

First, the court address Petitioner's two motions for leave to amend his section 2255 motion. Petitioner's first motion seeks to add a claim that, in light of *Simmons*,[9] the court improperly sentenced Petitioner as a career offender pursuant to U.S.S.G. § 4B1.1. Pet'r's Leave Mot. at 1. Petitioner's second motion seeks to add a claim that the sentencing court lacked subject-matter jurisdiction to designate him a career offender. Pet'r's 2d Leave Mot. at 1.

A motion to amend is governed by Rule 15 of the Federal Rules of Civil Procedure. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2010). Under Rule 15, a party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). *See* Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court should freely give leave when justice requires, but "the court need not grant a plaintiff leave to amend when 'the amendment would be futile.'" *Cannady v. United States*, Nos. 5:08-

---

[9] In *Simmons*, the Fourth Circuit held that a prior felony may serve as a predicate offense if the individual defendant was convicted of an offense for which *that* defendant before the court, not a hypothetical defendant, could be sentenced to a term exceeding one year. *Simmons*, 649 F.3d at 243. *Simmons* overturned prior precedent of *Harp* which held that "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." *Robinson v. United States*, Nos. 5:03-CR-50-RLV-2, 5:12-CV-50-RLV, 2012 U.S. Dist. LEXIS 149322, at *6, 2012 WL 5022176, at *2 (W.D.N.C. Oct. 17, 2012) (quoting *Harp*, 406 F.3d at 246). *Simmons* relied on the Supreme Court decision in *Carachuri-Rosendo v. Holder* in overruling the prior decision in *Harp*. *See Carachuri-Rosendo v. Holder*, __ U.S. __, 130 S. Ct. 2577 (2010).

7

CR-258-D, 5:11-CV-367-D, 2012 U.S. Dist. LEXIS 151462, at *4, 2012 WL 5207484, at *2 (E.D.N.C. Oct. 22, 2012) (motion to amend § 2255 motion to add a *Simmons* claim) (quoting *Edwards*, 178 F.3d at 242). "A cause of action that is barred by the applicable statute of limitations is futile and, therefore, an amendment based on an untimely cause of action can be denied." *Howard v. United States*, Nos. 3:04-CR-271, 3:10-CV-30-RJC, 2011 U.S. Dist. LEXIS 64046, at *6, 2011 WL 2447249, at *2 (W.D.N.C June 15, 2011); *see also Keller v. Prince George's Cnty.*, 923 F.2d 30, 33 (4th Cir. 1991). However, even when a claim is barred by the applicable statute of limitations, Rule 15(c) may permit an amendment if the amended claim relates back to an original timely filed claim. *See Howard,* 2011 U.S. Dist. LEXIS 64046, at *6-7, 2011 WL 2447249, at *2; *see also Woltz v. United States*, Nos. 3:06-CR-74, 3:08-CV-438-1, 2010 U.S. Dist. LEXIS 4158, at *23, 2010 WL 4627805, at *9 (E.D.N.C. Nov. 8, 2010).

Here, the court, following the filing of Petitioner's § 2255 motion, ordered the government to respond to Petitioner's motion. [DE-51]. The government filed its motion to dismiss pursuant to Rule 12(b)(6) on November 8, 2011. Gov't's Mot. [DE-57]. Petitioner filed the instant motions for leave to amend on January 17, 2012 [DE-68] and October 15, 2012 [DE-93], respectively. Because Petitioner's motions for leave to amend were not filed within 21 days after service of the government's motion to dismiss, Petitioner must obtain the government's written consent or leave of court to amend his section 2255 motion. *See* Fed. R. Civ. P. 15(a). The government has not provided written consent for Petitioner to amend his § 2255 motion.[10]

---

[10] The government responded to Petitioner's first motion to amend requesting that the motion be denied. Gov't's Resp. [DE-75]. The government has not responded to Petitioner's second motion to amend filed October 15, 2012.

8

### 1. Petitioner's First Motion for Leave to Amend [DE-68]

As to Petitioner's first leave motion, the court declines to grant Petitioner leave to amend his section 2255 motion because his amendment would be futile as the applicable statute of limitations bars any new claim based on *Simmons*. *See Cannady*, 2012 U.S. Dist. LEXIS 151462, at *4, 2012 WL 5207484, at *2 (declining to grant petitioner leave to amend his section 2255 motion because petitioner's amendment would be futile). Additionally, Petitioner's *Simmons* claim does not relate back to any of Petitioner's originally filed claims. *See* Pet'r's Mot. at 4. Section 2255(f) provides that a § 2255 motion must be filed within a one-year period of limitation from the date on which the judgment of conviction becomes final, absent an exception under § 2255(f) extending the limitations period. 28 U.S.C. § 2255(1)-(4). Where a petitioner does not appeal his conviction, the conviction becomes final when the 14-day notice of appeal period expires. *See* Fed. R. Civ. P. 4(b); *see Clay v. United States*, 537 U.S. 522, 524-25 (2003) (holding conviction becomes final after the time period to appeal or seek review has expired). Further, an untimely notice of appeal filed after the appeal period expired, does not affect the finality of the conviction by restarting the one-year limitations period. *Fair v. United States*, Nos. 5:03-CR-55-2-V, 5:08-CV-146-V-1, 2009 U.S. Dist. LEXIS 9001, at *4, 2009 WL 159802, at *1 (W.D.N.C. Jan. 22, 2009); *Reynolds v. United States*, Nos. 3:04-CR-107-1F, 3:06-CV-401-2F, 2007 U.S. Dist. LEXIS 5885, at *12, 2007 WL 274804, at *4 (W.D.N.C. Jan. 23, 2007). Indeed, "it would fly in the face of the [Antiterrorism and Effective Death Penalty Act's] express purpose of promoting finality to allow petitioners to somehow breathe new life into their expiring or expired limitations periods by calculating those periods as running from the date on which every appeal is concluded even . . . when such appeal was dismissed [by the Fourth Circuit

9

Court of Appeals] as untimely filed." *Reynolds*, 2007 U.S. Dist. LEXIS 5885, at *12, 2007 WL 274804, at *4; *see also United States v. Plascencia*, 537 F.3d 385, 387-90 (5th Cir. 2008) (holding that when a federal defendant fails to file a timely notice of appeal from his conviction, the conviction becomes final for purposes of § 2255 upon the expiration of the period for filing a direct appeal, not upon the appellate court's rejection of the defendant's motion to file an out-of-time appeal); *Parsons v. Nohe*, No. 3:11-CV-71, 2011 U.S. Dist. LEXIS 68746, at *22, 2011 WL 2442705, at *7 (S.D. W. Va. May 11, 2011) *adopted by* 2011 U.S. Dist. LEXIS 62968, 2011 WL 2442661 (S.D. W. Va. June 14, 2011) (recognizing that petitioner's attempt at a direct appeal more than one year after the notice of appeal period expired did not restart the limitations period so as to extend the finality of petitioner's conviction); *Carroll v. United States*, Nos. 1:03-CR-190-1, 1:05-CV-1151, 2006 U.S. Dist. LEXIS 71807, at *1, 2006 WL 2850594, at *1 (M.D.N.C. Sept. 29, 2006) (adopting the Magistrate Judge's recommendation which noted that the untimely notice of appeal did not affect the finality of the judgment and the Fourth Circuit's dismissal of petitioner's untimely appeal did not restart the one-year limitations period).

As previously noted, Petitioner was sentenced on June 9, 2010. Petitioner did not timely file a notice of appeal in this matter. Therefore, by the court's calculation, Petitioner's judgment became final at the expiration of the 14-day period during which Petitioner could have appealed from entry of the judgment – in June 2010.[11] Petitioner had one year, until June 2011, to file a

---

[11] A notice of appeal or motion by a prisoner is deemed filed when the prisoner delivers or deposits his motion with prison authorities. *See* Fed. R. App. P. 4(c)(1); *see also Houston v. Lack*, 487 U.S. 266 (1988). The earliest of Petitioner's letters, deemed by the court to be a notice of appeal, bears a postmark date of December 20, 2010. [DE-36-2]. It is simply not plausible that Petitioner's notice of appeal took almost six months time in transit – the time that has passed since June 2010 when Petitioner was required to file a notice of appeal in order for it to be timely.

10

timely § 2255 motion. *See* 28 U.S.C. § 2255(f)(1). Having filed his first motion for leave to amend on January 17, 2012, Petitioner's motion is untimely and Petitioner's out-of-time notices of appeal do not restart the one-year limitations period. The Fourth Circuit Court of Appeals issued an order dismissing Petitioner's appeal as untimely. [DE-55]. The *Simmons* claim Petitioner seeks to assert through amendment does not relate back to any of Petitioner's originally filed claims. Accordingly, the court finds that Petitioner's motion is time-barred under § 2255(f)(1).

Only if another subsection of § 2255(f) gives Petitioner more time to file would his amendment be timely. However, Petitioner has not shown how his motion for leave to amend, which seeks to add a *Simmons* claim, might be timely under other subsections of the statute. Subsection two requires unlawful governmental action which prevented Petitioner from filing his § 2255 motion. Petitioner has made no showing of such government action in this case, therefore, subsection two does not apply. 28 U.S.C. § 2255(f)(2). Subsection three allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been made retroactively applicable to cases on collateral review. With respect to § 2255(f)(3), the Fourth Circuit has held *Carachuri* and *Simmons* claims may not be raised retroactively in collateral proceedings. *See Powell*, 691 F.3d 558-59 (holding *Carachuri* announced a procedural rule and is not retroactively applicable to cases on collateral review). Subsection four allows the limitations period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. The Supreme Court in *Johnson v. United States*, 544 U.S. 295 (2005), and the Fourth Circuit in *United States v. Gadsen*, 332 F.3d 224, 226 (4th Cir. 2003), each held that a state

11

court's vacatur of a petitioner's prior state conviction constituted a "fact" under § 2255(f)(4). As a result, the limitation period began tolling on the date of notice of the state-court vacatur. *Johnson*, 544 U.S. at 310. "Although 'facts' in this context have been held to include court rulings and the legal consequences of known facts, the court ruling or legal consequence must have occurred in the petitioner's *own case*." *Goode v. United States*, Nos. 5:06-CR-81-BO-1, 5:12-CV-345-BO, 2012 U.S. Dist. LEXIS 142370, at *2, 2012 WL 4577244, at *1 (E.D.N.C. Oct. 2, 2012) (internal citation omitted) (citing *Shannon v. Newland*, 410 F.3d 1083, 1088-89 (9th Cir. 2005)); *see also United States v. Hardison*, Nos. 4:08-CR-77-FL-2, 4:11-CV-196-FL, 2011 U.S. Dist. LEXIS 148702, at *4-5, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011) (observing that *Johnson* and *Gadsen* each involved the vacatur of petitioner's *own* prior state conviction directly eliminating petitioner's status as a convict). Here, *Simmons* was not part of Petitioner's own litigation history and does not apply directly to him. *See Hardison*, 2011 U.S. Dist. LEXIS 148702, at *4-5, 2011 WL 6780783, at *2. Moreover, Petitioner does not point to any invalidation of his state convictions.

Accordingly, since Petitioner is unable to show the court that his amendment is not barred by the applicable statute of limitations, Petitioner's first motion for leave to amend [DE-68] is DENIED as futile.[12]

---

[12] Petitioner's amendment would also be futile because *Simmons* does not provide Petitioner relief from his career offender status. Petitioner contends that the court erred by qualifying his prior state convictions as predicate offenses for career offender purposes. Pet'r's Leave Mot. at 1. According to the PSR, Petitioner received a sentence of imprisonment of 3 years and 5 years for two of his prior convictions. PSR ¶¶ 11, 13. While *Simmons* dictates that the actual sentence imposed is irrelevant and, instead, the appropriate inquiry is whether the actual defendant was subject to a potential sentence of greater than one year imprisonment, it is apparent Petitioner was subject to a sentence greater than one year imprisonment for two of his convictions because he in fact received such sentences. *See Cannady*, 2012 U.S. Dist. LEXIS

### 2. Petitioner's Second Motion for Leave to Amend [DE-93]

As to Petitioner's second motion, the court further declines to grant Petitioner leave to amend his section 2255 motion because his amendment would be futile. The court denied Petitioner's first motion for leave to amend because it was futile based on the applicable statute of limitations period under § 2255. Petitioner's second motion was filed almost ten months after his first, on October 15, 2012. Thus, as previously indicated by the court, Petitioner's motion is untimely under § 2255(f)(1) because Petitioner's conviction became final in June 2010 when his 14-day appeal period expired and he filed the instant motion for leave to amend beyond the applicable one-year limitation period. Additionally, Petitioner has not indicated to the court, and the court is not able to determine, that any other subsections under § 2255(f) apply to extend the limitations period.

Petitioner's amendment is also futile because of Fourth Circuit law that forecloses relief on the amended claim submitted by Petitioner. Petitioner seeks to challenge the district court's subject-matter jurisdiction to designate him a career offender. Pet'r's 2d Leave Mot. at 1. While Petitioner accurately articulates that a federal court must have subject-matter jurisdiction before it can proceed in a case, Petitioner's argument fails to show that the district court did not have proper jurisdiction over Petitioner's case, both during the guilt-determination phase and sentencing phase. Petitioner cites Guidelines sections 4A1.2(e)(1) and (3) in support of his

---

151462, at *4, 2012 WL 5207484, at *2; *see also* Gov't's Resp. at 3. Thus, without further investigation, it is clear to the court that Petitioner still has the requisite two predicate offenses to qualify him as a career offender.

Furthermore, Petitioner would not be entitled to relief even if *Simmons* were applicable because his drug quantity exceeded the offense level required by his career offender designation. *See Barksdale v. United States*, Nos. 5:08-CR-382-BO, 5:12-CV-419-BO, 2012 U.S. Dist. LEXIS 150469, at *3, 2012 WL 5182995, at *1 (E.D.N.C. Oct. 18, 2012).

13

challenge to the district court's subject-matter jurisdiction. [DE-93-1] at 4-5. These two Guidelines sections pertain to the calculation of criminal history and define what prior convictions may be permissibly counted in a defendant's criminal history. Petitioner cites them for the argument that his 1992 and 1993 state convictions should not have been counted for career offender purposes because they occurred more than 15 years before the instant drug offense. *See* PSR ¶¶ 11, 13.

First, the Guidelines sections cited by Petitioner are wholly irrelevant to any career offender designation. Guidelines section 4A1.2 pertains to the criminal history calculation whereas section 4B1.1 is the relevant section for career offender enhancements. *See* U.S.S.G. §§ 4A1.2 and 4B1.1. Second, the Guidelines do not affect a district court's subject-matter jurisdiction over a federal felony prosecution. Federal courts have subject-matter jurisdiction in federal felony prosecutions pursuant to 18 U.S.C. § 3231 which states that "district courts of the United States shall have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States." 18 U.S.C. § 3231; *see also United States v. Hartwell*, 448 F.3d 707, 716 (4th Cir. 2006) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.") (quoting *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999)). Petitioner was prosecuted and pled guilty to a federal criminal drug charge in violation of 21 U.S.C. §§ 841 and 846. [DE-6, 19]. Thus, it is readily apparent the district court had subject-matter jurisdiction because Petitioner was prosecuted for the commission of a federal offense. Based on the foregoing, Petitioner's second motion to amend is DENIED as futile.

14

Case 5:09-cr-00251-FL Document 99 Filed 04/03/13 Page 14 of 18

## B. Motion to Stay [DE-88]

Petitioner filed a motion requesting the court hold Petitioner's case in abeyance pending the Fourth Circuit's decision in *Powell*. Pet'r's Stay Mot. at 1. Since the Fourth Circuit issued its decision in *Powell* on August 20, 2012, Petitioner's motion is DENIED AS MOOT.

## C. Motion Under 28 U.S.C. § 2255 [DE-50]

Petitioner asserts the following as grounds for relief in his § 2255 motion: (1) that he "doesn't feel [his] plea was explained to him well enough by [his] attorney; (2) that he "received a 2 pt. enhancement for a gun," but that he "does not own a gun," and that his "attorney did not challenge" the enhancement; and (3) that "3.27 kg of crack is incorrect." Pet'r's Mot. at ¶ 12(a). Petitioner explains further that his motion should be deemed timely under § 2255 because he told his attorney at sentencing and again one day before his appeal time expired that he wanted to appeal his sentence. *Id.* ¶ 18. Petitioner states further that his attorney told him that he would appeal, but that there was no need because it would be heard by the same judge. *Id.* Petitioner states that his attorney later told him that he had never filed a § 2255 motion and was not going to file one on Petitioner's behalf. *Id.* The government argues Petitioner's motion should be dismissed as untimely and that Petitioner is not entitled to equitable tolling. Gov't's Mem. [DE-58] at 2-6.

As previously discussed, section 2255(f) provides that a § 2255 motion must be filed within a one-year period of limitation from the latest of four possible triggering events: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such

15

governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(1)-(4). "If a [petitioner] cannot fit his petition into the time frame specified by one of these four categories, it must be dismissed as untimely." *Gadsen*, 332 F.3d at 226.

The court has already established that Petitioner's conviction became final in June 2010 leaving one year to timely file a § 2255 motion. Petitioner filed the instant § 2255 motion on August 29, 2011, almost two months past the one-year limitations period in § 2255(f)(1). Only if another subsection of § 2255(f) gives Petitioner more time to file would his motion be timely. However, Petitioner has not shown how his § 2255 motion might be timely under other subsections. *See* 28 U.S.C. § 2255(f)(2)-(4). With respect to § 2255(f)(2), there has been no governmental action interfering with Petitioner's ability to timely file. Additionally, looking at § 2255(f)(3), there has been no Supreme Court case that is retroactively applicable to cases on collateral review making any of Petitioner's asserted claims timely. Finally, § 2255(f)(4) is not applicable because there are no new facts supporting any of Petitioner's claims that have been discovered. As the government correctly notes, all claims asserted by Petitioner "challenge some aspect of his plea and sentencing" and such facts "would have been known to Petitioner when his convictions became final." Gov't's Mem. at 3-4.

Petitioner asserts that even if his motion is deemed untimely, equitable tolling should apply to render his motion timely. Pet'r's Resp. at 1, 3. The Supreme Court has held that a

16

petitioner is entitled to equitable tolling of the statutory limitations period if: (1) he has been pursuing his rights with "reasonable diligence" and (2) some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562 (2010). The Fourth Circuit has defined "extraordinary circumstances" as (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from filing on time. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). However, "any resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

This court finds no grounds for equitable tolling. Petitioner argues that his low literacy level, lack of familiarity with court rules and procedure, pro se status, administrative segregation, and facility transfer during the year he was to timely file his § 2255 motion warrant equitable tolling. Pet'r's Resp. at 3-8. Specifically, Petitioner argues that while being housed in administrative segregation he had limited access to legal resources and materials. *Id.* at 7-8. While these reasons may sound compelling, Petitioner's reasons offered to justify equitable tolling "consist of nothing more than the ordinary hardships of a *pro se* inmate filing for collateral relief." *United States v. Berry*, No. 3:09-CR-19-1, 2013 U.S. Dist. LEXIS 5419, at *5, 2013 WL 150319, at *2 (W.D. Va. Jan. 14, 2013); *see also Sosa*, 364 F.3d at 512 (holding that pro se status and ignorance of the law do not justify equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period); *Allen v. Johnson*, 602 F. Supp. 2d 724, 727-28 (E.D. Va. 2009) (noting that reliance on the "routine incidents and circumstances of prison life" is

17

insufficient to warrant equitable tolling). Petitioner does not allege that he was unaware of any of his substantive claims until the time of filing his § 2255 motion, and he does not allege that officials prevented him from seeking relief. In fact, Petitioner was aware of the grounds he asserts in his § 2255 motion at sentencing and could have pursued those claims through a § 2255 motion at any time. The reasons offered by Petitioner do not constitute grounds for equitable tolling. Based on the foregoing, Petitioner's motion is untimely and this court recommends Petitioner's § 2255 motion be DISMISSED.

## IV. CONCLUSION

Based upon the foregoing, (1) Petitioner's motions for leave to amend [DE-68, 93] are DENIED as futile and (2) Petitioner's motion to hold in abeyance is DENIED AS MOOT. Further, the court recommends that the government's motion to dismiss [DE-57] be ALLOWED and Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [DE-50] be DISMISSED as time-barred.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

Submitted, the 3rd day of April, 2013.

Robert B. Jones, Jr.
United States Magistrate Judge

18