IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-251-FL-1
No. 5:11-CV-434-FL

| | |
|---|---|
| GEORGE JEFFERSON, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 47, 50). The government filed a motion to dismiss (DE 57), to which petitioner has responded. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R") (DE 99) wherein it is recommended that the court dismiss petitioner's motion to vacate, and wherein the court denied petitioner's motions to amend his claims to assert a basis for relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner filed objections to the M&R and additional claims. (DE 107, 108). The court held this matter in abeyance pending decision in Miller v. United States, 735 F.3d 141 (4th Cir. 2013), and then directed supplemental briefing, which has been received. In this posture, the matter is ripe for ruling.[1] For the reasons stated below, the court adopts the recommendation of the magistrate judge, and dismisses petitioner's motion.

---

[1] Also pending in the criminal case only is an unrelated motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) (DE 77), which the court will address by separate order, and a motion to appoint counsel related thereto (DE 105), which the court will address herein.

## BACKGROUND

On December 1, 2009, petitioner pleaded guilty pursuant to a written plea agreement to conspiracy to distribute and possess with intent to distribute more than fifty (50) grams of cocaine base (crack), in violation of 21 U.S.C. § 846. On June 9, 2010, petitioner was sentenced to a term of 240 months imprisonment. Petitioner appealed, but the appeal was dismissed as untimely. On August 29, 2011, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, arguing that (1) his attorney did not adequately explain his plea, (2) his attorney erred by not challenging a sentencing enhancement for possession of a dangerous weapon, and (3) the drug quantity used at sentencing was incorrect. The government moved to dismiss on the basis that the motion was untimely. Subsequently, petitioner filed on January 17, 2012, a motion to amend, to add a claim on the basis of <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), contending that he was wrongfully subjected to a career offender enhancement. The government responded in opposition, on the basis that the new claim was untimely and also barred by the waiver in petitioner's plea agreement. On April 3, 2013, in order and M&R, the magistrate judge denied the motion to amend and recommended dismissing the § 2255 motion on the basis that it was untimely. Petitioner objected and asserted additional claims.

## DISCUSSION

A. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme

> Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

Petitioner's motion to vacate is untimely under each prong of § 2255(f). It was filed more than one year after the judgment became final. There is no alleged impediment to making the motion created by governmental action. The Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted here. And, no new facts supporting the claims have been discovered. Miller does not change the conclusion that petitioner's motion is untimely. See Miller, 735 F.3d at 143 (noting that government waived statute of limitations "which would normally bar Miller's motion as untimely"); United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012) (dismissing § 2255 Simmons motion as untimely).

In his objection to the M&R, petitioner argues that the one-year statute of limitations should not apply to his § 2255 motion because the district court lacked subject matter jurisdiction over his case. This argument is without merit. "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231," which provides jurisdiction over all offenses against the laws of the United States. United States v. Hartwell, 448 F.3d 707, 716 (4th Cir. 2006). The federal statute under which petitioner was convicted here, 21 U.S.C. § 846, conferred subject-matter jurisdiction in this case. Accordingly, the court overrules petitioner's objections to the M&R based upon lack of subject-matter jurisdiction.

Petitioner contends, nonetheless, that equitable tolling is warranted with respect to the Simmons claim. An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be

unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir.2002). A petitioner is "only entitled to equitable tolling if he presents . . . extraordinary circumstances" preventing him from timely filing. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Holland v. Florida, 130 S.Ct. 2549, 2562 (2010).

Petitioner suggests that equitable tolling should apply because Miller announced a new rule of substantive law that is retroactively applicable on collateral review. He suggests it is wholly arbitrary and a miscarriage of justice to treat his Simmons claim as untimely solely because the Fourth Circuit, rather than the Supreme Court, recognized the new rule of substantive law.

Accepting petitioner's suggestion, however, would render the limitations rule in (f)(3), and the court's ruling in Powell, meaningless. In addition, no miscarriage of justice has occurred where the sentence imposed in this case was not greater than the statutory maximum applicable to the offense absent application of the career offender guideline provision.[2] See Powell, 691 F.3d at 563 n. 2 (King, J. dissenting in part and concurring in the judgment in part). Accordingly, the court declines to apply equitable tolling.

Petitioner's remaining objections to the M&R do not provide reason to disturb the determination in the M&R that petitioner's § 2255 motion was untimely. Accordingly, petitioner's objections will be overruled and the court will adopt the recommendation of the M&R to dismiss the § 2255 motion as untimely.

B. Additional claims

Petitioner raised additional claims following submission of his objections to the M&R, including claims based upon McQuiggin v. Perkins, 133 S.Ct. 1924 (2013) and Alleyne v. United States, 133 S.Ct. 2151 (2013), as well as a request to amend his presentence report to remove a

---

[2] The court notes that career offender designation did not result in a sentence enhancement in this case. See M&R at 3 n. 6. Accordingly, petitioner's claim that he was wrongfully subjected to a career offender enhancement, in violation of Simmons, also is without merit.

reference to involvement in gangs, and additional documentation concerning his prior convictions. (DE 106, 107, 108, 109, 110, 113, 114, 115). These claims are barred for the same reason as petitioner's Simmons claim. Accordingly, these claims will be dismissed.

C. Motion for appointment of counsel

Petitioner moves for appointment of counsel (DE 105) with respect to his asserted claim for relief under Alleyne and with respect his pending motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) (DE 77), pertaining to the calculation of his sentence based upon drug weight. "There is no constitutional right to counsel in § 2255 cases." Farmer v. United States, 5:10-CR-271-FL-3, 2013 WL 3873182 * (E.D.N.C. July 25, 2013) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Smith v. Clerk's Office, United States Courthouse, No. 99-6240, 1999 WL 760450, *1 (4th Cir. Sept. 24, 1999)). However, the district court is authorized under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel to represent a habeas petitioner when the interests of justice so requires and the petitioner is financially unable to obtain representation. As the court must dismiss petitioner's claim under Alleyne, as well as all other claims asserted in the § 2255 motion, the motion to appoint counsel for representation with respect to the § 2255 motion is denied.

With respect to petitioner's pending motion for reduction in sentence under 18 U.S.C. § 3582(c)(2), the Federal Public Defender is appointed by standing order 11-SO-01 to determine whether defendant may qualify to seek further reduction of sentence in accordance with amendments to crack cocaine offense level guidelines. Therefore, the motion for appointment of counsel will be denied in part as moot.

D. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are

adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability not warranted.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the recommendation of the magistrate judge, GRANTS the government's motion to dismiss (DE 57), and DISMISSES petitioner's motion to vacate (DE 47, 50). Petitioner's motion to appoint counsel (DE 105) is DENIED. A certificate of appealability is DENIED.

SO ORDERED, this 28th day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge