# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

NO. 5:09-CR-251-FL-1

| | | |
|---|---|---|
| GEORGE JEFFERSON, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a federal inmate, filed a motion to vacate pursuant to 28 U.S.C. § 2255 or in the alternative pursuant to 28 U.S.C. § 2241 (DE 130). The court previously held the matter in abeyance on June 24, 2014, pending the Fourth Circuit's final mandate in Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014). Upon granting the government's petition for rehearing en banc in Whiteside, however, the Fourth Circuit vacated the panel decision. See Whiteside v. United States, No. 13-7152, 2014 WL 3377981 (July 10, 2014); United States v. Geddings, 278 F. App'x 281, 286 n.6 (4th Cir. 2008) ("Under Fourth Circuit rules, granting of rehearing en banc vacates the previous panel judgment and opinion."). Accordingly, the court hereby LIFTS the abeyance previously entered. In this posture, the court returns to its preliminary review of petitioner's § 2255 motion, as well as consideration of correspondence received July 21, 2014, from petitioner raising a claim based upon conflict of interest of trial counsel.

COURT'S DISCUSSION

A.     Second or Successive Motion

Petitioner previously filed a § 2255 motion on August 15, 2011, which the court dismissed by order entered January 28, 2014. Where petitioner again seeks relief from petitioner's original sentence in the present § 2255 motion, the court must treat the motion as a successive § 2255 application. See United States v. Winestock, 340 F.3d 200, 206–07 (4th Cir.2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence," in contrast to a "motion seeking a remedy for some defect in the collateral review process"). A second or successive petition must be certified by the court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. Winestock, 340 F.3d at 205. Accordingly, petitioner's § 2255 motion will be dismissed as successive.

B.     Section 2241 Motion

Petitioner seeks, in the alternative, to have the court consider his motion as one arising under § 2241. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against

2

successive petitions, does not render § 2255 review inadequate or ineffective. Id. 115 F.3d at 1194, n. 5.

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id.

In this case, petitioner is not able to satisfy the second prong of the Jones test because the substantive law has not changed subsequent to his first § 2255 petition so that his conduct underlying his convictions is no longer criminal. Rather, petitioner attacks his career offender sentencing enhancement and guidelines range on the grounds that the convictions used to enhance his sentence as a career offender no longer qualify as predicate offenses. The Fourth Circuit Court of Appeals, however, has not extended the reach of the savings clause to include those petitioners challenging only their sentence. See Farrow v. Revell, 541 F. App'x 327 (4th Cir. 2013) (concluding that the petitioner's challenge to his armed career criminal status was not cognizable in a § 2241 petition, and that the petitioner only could proceed, pursuant to § 2241, with his claim alleging actual innocence of being a felon in possession of a firearm) (citing United States v. Poole, 531 F.3d 263, 267 (4th Cir. 2008)); United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge

3

to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes.").

Accordingly, because petitioner does not argue that the conduct for which he was convicted has been deemed non-criminal, petitioner has not satisfied the <u>Jones</u> criteria by establishing that § 2255 is inadequate or ineffective to test the legality of his detention. Therefore, petitioner's alternative § 2241 motion must be dismissed.

C.      Correspondence

The court turns next to correspondence submitted by petitioner and received on July 21, 2014, seeking to raise a claim based upon "newly discovered evidence" pertaining to a conflict of interest involving his first-appointed counsel, Joseph B. Gilbert. Petitioner claims that Mr. Gilbert withdrew from representation in his case on March 26, 2009, due to a conflict of interest, but despite this conflict he was named as an attorney for petitioner on his guilty plea, entered in his case on December 1, 2009. Petitioner claims that a "complete miscarriage of justice has taken place as well as ineffective assistance of counsel," in light of the involvement of Mr. Gilbert in the plea, and the failure of his new counsel, Scott Wilkinson to advise him appropriately. Petitioner seeks relief from his current term of incarceration as a result from these asserted errors.

As with petitioner's previous § 2255 claims, the relief that is requested in petitioner's correspondence is that which would result from a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Therefore, the court must recharacterize it as a § 2255 petition, and the clerk of court will be directed to docket the correspondence as a § 2255 petition. <u>See</u> <u>Winestock</u>, 340 F.3d at 206-07. Absent pre-filing authorization by the court of appeals, under 28 U.S.C. § 2255(h)(1)-(2), the court lacks jurisdiction to consider the petition. <u>Id.</u> at 205. Further,

petitioner is not required to receive notice of the court's re-characterization of the motion as it has been found to be second or successive. See United States v. Brown, 132 F. App'x 430, 431 (4th Cir.2005).

Petitioner suggests in his petition that the court may nonetheless consider his claim because it involves newly discovered evidence. "[N]ot every numerically second petition is a 'second or successive' petition within the meaning of [§ 2255(h)]." United States v. Hairston, ___ F.3d. ___, 2014 WL 2600057 *4 (4th Cir. June 11, 2014). In particular, "a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where . . . the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated." Id.

In this case, petitioner's assertion of reliance on "newly discovered evidence" is insufficient to overcome the bar to second and successive petitions. While petitioner asserts he did not discover the evidence underlying the claim until recently, the facts supporting the claim have been in existence well before the time of petitioner's first petition. Indeed, the fact that Mr. Gilbert withdrew from the case on March 26, 2009, due to a conflict of interest was stated both in the motion to withdraw filed on March 24, 2009, and in the court's order granting the withdrawal on March 26, 2009. (See DE 4, DE 5). Likewise, the fact that Mr. Gilbert's signature was on the plea agreement is reflected in the plea agreement filed in open court on December 1, 2009. (DE 19). Therefore, the facts "relied on by the movant seeking resentencing" did exist when the numerically first motion was filed and adjudicated. Hairston ___ F.3d at ___, 2014 WL 2600057 *4. As such, the court must treat petitioner's new claim as a second and successive petition, pursuant to 28 U.S.C. § 2255(h).

5

D.      Certificate of Appealability

Finally, upon dismissal of petitioner's § 2255 motions, the court considers whether a certificate of appealability is warranted.  A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. 322, 336-38(2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

CONCLUSION

Based on the foregoing, the court LIFTS the abeyance entered June 24, 2014.  Petitioner's § 2255 motion (DE 125) is DISMISSED as a second or successive motion to vacate.  Petitioner's alternative § 2241 motion (DE 125) is DISMISSED.  The clerk is DIRECTED to docket correspondence received July 21, 2014, as a motion to vacate sentence under 28 U.S.C. § 2255, whereupon the motion is hereby DISMISSED as a second or successive motion to vacate.  A certificate of appealability is DENIED.

SO ORDERED, this the 24th day of July, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

6